# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE |
| DWAYNE GLENN, | NO. 1:17-CR-127-MHC-JKL-2 |
| **Defendant.** | |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge John K. Larkins III [Doc. 123] recommending that Defendant's Motion to Suppress Evidence [Doc. 29] be denied. The Order for Service of the R&R [Doc. 124] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Defendant has filed his objections to the R&R [Doc. 126] ("Def.'s Objs.").

## I. LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

### A. The Initial Traffic Stop

Defendant challenges the Magistrate Judge's finding that there was reasonable suspicion to conduct a traffic stop to identify the driver of the yellow

2

Silverado previously identified by co-Anthony Lamar Louis ("Louis"). Def.'s Objs. at 1-2. It is well-settled that probable cause is not necessary under the Fourth Amendment to conduct an investigatory stop. The police "may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); see also Terry v. Ohio, 392 U.S. 1, 30-31 (1968).

> Reasonable suspicion demands "considerably less" than probable cause, but "the police are required to articulate some minimal, objective justification for the stop." United States v. Mikell, 102 F.3d 470, 475 (11th Cir. 1996). That justification may be based on the information available to the officer at the time. See [United States v.] Arvizu, [534 U.S. 266,] 273 [(2002)].

United States v. Webster, 314 Fed. App'x 226, 229 (11th Cir. 2008) (additional citation omitted).

To determine whether reasonable suspicion exists, the court "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." Arvizu, 534 U.S. at 273. Examining the totality of the circumstances "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." Id. at 273 (quotation and citation

3

omitted). The Court will give due weight to an officer's experience and expertise when evaluating reasonable suspicion. Ornelas v. United States, 517 U.S. 690, 699 (1996); see also United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2000) ("[g]reat deference is given to the judgment of trained law enforcement officers on the scene.") (internal quotation marks and citation omitted).

Prior to April 20, 2017, agents of the Alcohol, Tobacco, Firearms, and Explosives ("ATF") Federal Task Force had been investigating Louis and made a series of undercover drug purchases. Tr. of Jan. 9, 2018, Suppression H'rg [Doc. 98] at 103-04. Louis previously was observed driving behind Muffler City, a muffler shop on Metropolitan Parkway in Atlanta, where he obtained drugs. Id. at 104. On April 20, 2017, an undercover officer went to Muffler City and observed Louis drive to a trailer located behind the muffler shop and speak with someone. Id. at 57. Louis left and was later arrested by ATF agents pursuant to a warrant. Id. at 104-05. Louis was asked what his source of drugs were from behind the Muffler City, and Louis said it was "an individual who went by Wayne to him, Wayne that drove a yellow Silverado." Id. at 105. Around the same time Louis was being interviewed, the undercover officer observed a yellow Silverado truck arrive at the location behind Muffler City. Id. at 57, 105. This information was

communicated to other officers and a traffic stop was made after the Silverado left the area in order to identify the driver, who was Defendant. Id. at 58, 107.

Defendant contends that the Magistrate Judge erred by failing to find that the traffic stop was unlawful because "there were no observed violations," "no consent" for the stop, and no other investigation to tie the driver of the Silverado to any crime. Def.'s Objs. at 1-2. However, the Magistrate Judge properly applied the legal standard for the traffic stop, considered the totality of the circumstances, and found that reasonable suspicion supported the stop. Specifically, at the time of the stop, law enforcement officers knew that Louis had obtained narcotics from behind Muffler City, had observed a yellow Silverado truck in that location, and Louis indicated that he purchased narcotics from an individual by the name of Wayne who drove a yellow Silverado. Because there was reasonable suspicion to conduct the traffic stop to determine the driver's identification, Defendant's objection is **OVERRULED**.

### B. Identity Information

In his objections, Defendant "reiterates and adopts herein, his argument that identity information is suppressible under the Fourth Amendment." Def.'s Objs. at 2. "[A] party does not state a valid objection to an R&R by merely incorporating by reference previous filings." Hammonds v. Jackson, No. 13-CV-711-MHS,

2015 WL 12866453, at *6 n.2 (N.D. Ga. May 18, 2015); see also Masimo Corp. v. Philips Elec. N.A. Corp., 62 F. Supp. 3d 368, 376 (D. Del. 2014) (holding that underlying briefs may not be incorporated by reference when filing objections to a report and recommendation); Morrison v. Parker, 90 F. Supp. 2d 876, 878 (W.D. Mich. 2000) (citations omitted) ("Plaintiffs' general, nonspecific objections, purporting to incorporate by reference their earlier brief, are tantamount to no objection at all and do not warrant further review.").

Although the Court need not review the prior arguments made by Defendant to the Magistrate Judge, it is apparent that Defendant is not disputing that the law in this Circuit, as discussed by the Magistrate Judge, is that identity information is not suppressible under the exclusionary rule even if unconstitutionally seized. R&R at 8 n.1. See United States v. Farias-Gonzalez, 556 F.3d 1181, 1189 (11th Cir. 2009) ("[W]e hold that the exclusionary rule does not apply to evidence to establish the defendant's identity in a criminal prosecution[.]"). Defendant's objection is, therefore, **OVERRULED**.

### C. The Automobile Exception

Finally, Defendant objects to the Magistrate Judge's conclusion that the search of the Silverado was lawful under the automobile exception to the warrant requirement, once again "realleg[ing] and incorporat[ing] herein his arguments and

6

citations of authority submitted in support of his Motion to Suppress." Def.'s Objs. at 2. Once again, this is not a valid objection to the R&R. Nevertheless, the Court has reviewed the discussion of the Magistrate Judge and concludes that it is an accurate statement of the law in this Circuit. Consequently, Defendant's objection is **OVERRULED**.

### III. CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 126]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 123] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant's Motion to Suppress Evidence [Doc. 29] is **DENIED**.

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on December 17, 2018, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation outweigh the right of the public and the right of the Defendant to a speedy trial, pursuant to 18 U.S.C. § 3161, *et seq.*

**IT IS SO ORDERED** this 23rd day of January, 2019.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge